IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

CARLOS MANDES

Plaintiff,

v.

VILLAS DEL MAR HAU, INC.,

Defendant

CIV. NO.: 18-1302 (SCC)

**OPINION AND ORDER**

Several days prior to the discovery cut-off deadline set by this Court, *see* Docket No. 32, Defendant moved for the dismissal of the instant action for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b) ("Rule 41(b)"). *See* Docket No. 33. According to Defendant, to date, Plaintiff has allegedly failed to respond to the written discovery that he was served on October 31, 2018 and has yet to submit expert reports. *Id.* at ¶ 10. Defendant further

contends that the only movement regarding this case, since it was filed, has been the concession of a six month stay[1] and the conversion[2] of two pre-trial conferences into status conferences. *Id.* As such, Defendant understands that Plaintiff has lost all interest in the instant case and dismissal of the same is therefore warranted.

Rule 41(b) allows the Court to dismiss an action due to a plaintiff's failure to prosecute or comply with the Federal Rules of Civil Procedure or any order issued by the Court. *See* Fed. R. Civ. P. 41(b). However, this particularly harsh dose of medicine is not to be administered indiscriminately, for dismissal under this rule is "reserved for cases of 'extremely

---

[1] On March 11, 2019, a six month stay went into effect in light of Real Legacy Assurance Company Inc.'s ("Real Legacy") liquidation. *See* Docket No. 18. The stay was lifted on September 5, 2019. *See* Docket No. 21. Real Legacy was identified as Defendant's insurer in the Complaint. *See* Docket No. 1 at ¶ 6. Partial Judgment dismissing with prejudice Plaintiff's claims against Real Legacy was entered on March 12, 2019. *See* Docket No. 19.

[2] Plaintiff's cited the COVID-19 pandemic as the cause for delay affecting the discovery proceedings. *See* Docket Nos. 26 and 30. Defendant consented to Plaintiff's requests. *Id.*

protracted inaction (measured in years), disobedience of court orders, ignorance of warnings, contumacious conduct, or some other aggravating circumstance.'" *See Benítez-Garcia v. González-Vega*, 468 F.3d 1, 4 (1st Cir. 2012) (quoting *Cosme Nieves v. Deshler*, 826 F.2d 1,2 (1st Cir. 1987)).

Here, Defendant's motion presents a series of discovery issues which have been prematurely brought before this Court. While considerable time has elapsed since the filing of this case, Defendant filed the instant motion prior to the discovery cut-off date and did not reference any attempts on its part to meet and confer with Plaintiff in order to solve the discovery issues raised in its motion. The Court finds that, Plaintiff's conduct—as described by Defendant in its motion and after a review of the case record—does not warrant dismissal under Rule 41(b), at this stage. Instead, because the issues raised in Defendant's motion are discovery related disputes, Defendant should first seek relief under Federal

MANDES v. VILLAS DEL MAR HAU, INC.                                        Page 4

Rule of Civil Procedure 37.[3]

Accordingly, Defendant's motion to dismiss for lack of prosecution at Docket No. 33 is hereby **DENIED WITHOUT PREJUDICE.**

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 3rd day of June 2021.

S/ SILVIA CARREÑO-COLL
UNITED STATES DISTRICT COURT JUDGE

---

[3] The Court reminds Defendant that such "motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *See* Fed. R. Civ. P. 37(a). To this extent, the Court adds that Local Rule 26(b) also highlights this point by stating that "[a] judicial officer shall not consider any discovery motion that is not accompanied by a certification that the moving party has made a reasonable and good-faith effort to reach an agreement with opposing counsel on the matters set forth in the motion. An attempt to confer will not suffice." L. Cv. R. 26(b).